UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM C. MARTINEZ,

     **Plaintiff,**

vs.                                 **Case No. 8:12-cv-666-T-27TGW**

HERNANDO COUNTY SHERIFF'S OFFICE,

     **Defendant.**

_____/

### ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Award of Attorneys' Fees and Costs and Incorporated Memorandum of Law (Dkt. 57), as well as Plaintiff's Proposed Bill of Costs (Dkt. 56). Defendant has responded in opposition to both (Dkts. 58, 59). Upon consideration, Plaintiff's Motion for Award of Attorneys' Fees and Costs is GRANTED to the extent Plaintiff is awarded $10,900.50 in attorneys' fees. Defendant is taxed $777.30 in costs.

### BACKGROUND

Plaintiff asserted claims against the Hernando County Sheriff's Office for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). Plaintiff initially claimed that (1) Defendant failed to compensate him an additional forty-five minutes per day for after-hours care of his K-9 bloodhound "Darla" because he cared for two dogs as opposed to one; and (2) Defendant failed to compensate him for after-hours time spent training Darla. Plaintiff also initially challenged Defendant's calculation of overtime at one and one half times the federal minimum wage as opposed to one and one half times his regular hourly wage as an active duty sheriff's deputy. However, Plaintiff conceded this claim at the summary judgment stage and Defendant's motion for summary

judgment was "effectively granted on this issue." (Dkt. 23 at 2 n.3.)  Defendant's motion for

summary judgment on the statute of limitations was also granted, limiting Plaintiff's claims to two

years as opposed to three.  (*Id.* at 4-5.)

Following a three-day bench trial, Plaintiff was awarded ten minutes per day of compensation

for Darla's care, rather than the forty-five minutes per day he sought, resulting in an overtime

compensation award of $4,203.20. (Dkt. 53 at 5.)  This award was amended to reflect a calculation

of Plaintiff's overtime compensation based on the prevailing minimum wage to $1,075.44.  (Dkt.

62.)  As to Plaintiff's claim of uncompensated after-hours time spent training Darla, the Court found

in favor of Defendant. (Dkt. 53 at 8.)  On October 3, 2013, Amended Judgment was entered for

Plaintiff in the amount of $1,075.44. (Dkt. 63.)  Plaintiff requests an award of $79,850.63 in

attorney's fees pursuant to 29 U.S.C. § 216(b).  Plaintiff also requests $1,034.06 in taxable costs.

### ATTORNEYS' FEES

29 U.S.C. § 216(b) provides "The court in such action shall, in addition to any judgment

awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant,

and costs of the action."  In doing so, the court calculates the "lodestar amount": the number of hours

reasonably expended in litigating the claim times the customary fee charged for similar legal services

in the relevant community. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir.

1999).

### i.    *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for

similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*

*v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  "The general rule is that the

relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Barnes*, 168 F.3d at 437 (internal quotes omitted); *Ceres Environ. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 Fed App'x 198, 202 (11th Cir. 2012). What an attorney charges his clients is powerful, and perhaps the best, evidence of the prevailing market rate for the attorney's services because "that is most likely to be what he is paid as 'determined by supply and demand.'" *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The court may consider its own knowledge and experience in its determination of a reasonable fee. *Norman*, 836 F.2d at 1303. In determining the reasonableness of the hourly rate, the court may also consider the twelve *Johnson* factors.[1] *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The party applying for fees bears the burden of establishing the reasonableness of the proffered rate. *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 807 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1558 (2012) (citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) *(per curiam)*).

Plaintiff requests the following hourly rates: $500 per hour for Mr. G. Ware Cornell, and $200 per hour for co-counsel Mr. Micah Longo and Ms. Elizabeth Goueti. (Dkt. 57 at 9-10). In support of these requests, Plaintiff submits the affidavit of Mr. Cornell (Dkt. 57-1), the declaration of Robert Beck, III (Dkt. 57-4), the affidavit of John Phillips (Dkt. 57-6), the declaration of John Andrews (Dkt. 57-7), two orders from the Southern District of Florida awarding Mr. Cornell $400 per hour (Dkts. 57-3, 57-5), and time records (Dkt. 57-2).

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

A review of decisions in the Middle District of Florida demonstrates that the prevailing market rate is lower than Plaintiff's proposed hourly rates. *See Andrike v. Maple Way Cmty., Inc.*, 8:11-cv-1939-T-24, 2013 WL 1881135 (M.D. Fla. May 3, 2013) (awarding $325/hour to attorney with twelve year experience in FLSA case); *Snyder v. A1 Prop. Pres., Inc.*, 8:12-cv-2014-T-17, 2013 WL 3155058 (M.D. Fla. June 19, 2013) (awarding $300/hour to attorney with extensive FLSA experience in FLSA case); *Lewis v. Florida Default Law Grp., P.L.*, 8:10-cv-611-T-30AEP, 2012 WL 252837 (M.D. Fla. Jan. 26, 2012) (awarding $300/hour to attorney with approximately twenty years experience and $200/hour to attorney with less than four years experience in FLSA case); *Swetic v. Silverberg Jewelry Co.*, 8:10-cv-2096-T-23MAP, 2012 WL 555960 (M.D. Fla. Jan. 17, 2012) *report and recommendation adopted*, 8:10-cv-2096-T-23MAP, 2012 WL 555845 (M.D. Fla. Feb. 21, 2012) (awarding $250/hour to attorney with approximately thirteen years experience who was the managing partner of Morgan and Morgan, P.A.'s National Wage and Hour Department and $200/hour to attorney with approximately nine years experience in an FLSA case); *Nipper v. Lakeland Hotel Investors, Ltd.*, 8:10-cv-498-T-33EAJ, 2010 WL 4941718 (M.D. Fla. Nov. 30, 2010) (awarding $250/hour to attorney with twenty years experience, $145/hour to attorney with five years experience, and $112/hour to attorney with three years experience in FLSA case); *Ellison v. Sydel Legrande, M.D., P.A.*, 8:08-cv-845-T-33TGW, 2009 WL 465034 (M.D. Fla. Feb. 24, 2009) (awarding $165/hour to attorney with five years experience in FLSA case).

Mr. Cornell is a board certified civil trial attorney with approximately thirty-eight years of experience, who concentrates on employment litigation. However, his proposed rate of $500 is

substantially higher than amounts awarded in local FLSA cases.[2]   Upon consideration of the materials submitted, prevailing rates in the local market, and the Court's own knowledge and experience, the Court concludes that $300 per hour is a reasonable rate for Mr. Cornell.

Likewise, Mr. Longo and Ms. Goueti, attorneys with less than two years of experience, are not entitled to hourly rates at the high end of those found to be reasonable in this market for associates with several years of experience.  In addition, Plaintiff has provided nothing other than the dates of law school graduation or bar admittance to support an award of $200 per hour for these attorneys.  The Court therefore concludes that $125 per hour for Mr. Longo and Ms. Goueti is reasonable.

The two cases from the Southern District of Florida in which Mr. Cornell was awarded a $400 hourly rate are not persuasive.  "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Barnes*, 168 F.3d at 437 (internal quotes omitted); *Ceres Environ. Servs., Inc.*, 476 Fed App'x at 202. "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Barnes*, 168 F.3d at 437.  Plaintiff has not made such a showing. Moreover, neither Southern District case was an FLSA case. *Ostrow v. Globecast America Inc.* was an case involving an ADEA claim (*see* Dkt. 57-3 at 2) and *Baker v. Soil Tech Distributors, Inc.* was a race discrimination case (*see* Dkt. 57-5 at 2).

---

[2] Mr. Cornell asserts that police canine case are "quite different" from the average FLSA case; however, he does not explain how.  (*See* Dkt. 57-1 at 3.)  This is unpersuasive support for an hourly rate of $500.

The affidavits submitted with Plaintiff's motion are also not persuasive, through no fault of the affiants. John Phillips, an experienced and well known lawyer who is "familiar with the amount customarily charged in the Tampa market by attorneys at large, multi-practice firms for attorney fees and paralegal fees in commercial and labor and employment litigation cases," opines that $500 per hour for someone of Mr. Cornell's skill, qualifications, experience, and reputation is reasonable and that $200 per hour for his associates is reasonable as well. (Dkt. 57-6.)  However, Mr. Phillips' familiarity with prevailing market rates is with those charged by attorneys at large, multi-practice firms, distinguishable from Mr. Cornell's small firm. (*See* Dkt. 59-4.)  John Andrews, also a well-known practicing attorney in Tampa who is "familiar with the standards in this community for attorneys fees,"  believes that a rate of $500 per hour for Mr. Cornell is "within the generally accepted community standards in the Middle District for lawyers with his level of experience and qualifications." (Dkt. 57-7.)  However, Mr. Andrews does not specify whether he possesses knowledge regarding prevailing market rates in labor and employment or FLSA cases.

Finally, although Mr. Cornell has submitted the declaration of one client who attests he has paid Mr. Cornell $500 per hour, this rate was based on continued work in "complex litigation brought by a major law firm" that has been litigated in four different courts. (Dkt. 57-4.)  As such, it is not persuasive.

### *ii.    Number of Hours Reasonably Expended*

Plaintiff's Motion requests $79,850.63 in attorney's fees.  However, the time records reflect that the attorneys in this case billed $79,215.00. (Dkt. 57-2.)  Plaintiff does not provide an explanation for this discrepancy, but Mr. Cornell attests that 173.05 hours, the number of hours reflected on the time records, have been billed in this case.

Defendant urges that Mr. Cornell's travel time included in several of his time entries should be excluded.[3]   Courts in the Middle District have taken varying approaches to awarding fees for travel time.   Some have deducted the time where able local counsel was available, some have awarded it, and others have reduced the number of recoverable hours.   *See John M. Floyd & Associates, Inc. v. First Florida Credit Union*, 3:09-cv-168-J-MCR, 2012 WL 162331 (M.D. Fla. Jan. 19, 2012) (reducing excessive travel time); *Bookman v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 147177 (M.D. Fla. Nov. 2, 2011) (reducing excessive travel time); *George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1290 (M.D. Fla. 2000) (awarding fees for travel time); *Brother v. Int'l Beach Club Condo. Ass'n, Inc.*, 6:03-cv-444-Orl-28DAB, 2005 WL 1027240 (M.D. Fla. Apr. 28, 2005) (deducting travel from fee award because "[t]ravel time is not properly visited on one's adversary, absent a showing of a lack of qualified local counsel"); *Ass'n for Disabled Ams. Ins. v. Integra Resort Mgmt.*, 385 F.Supp.2d 1272, 1301 (M.D. Fla. 2005) (deducting travel time from fee request); *Demers v. Adams Homes of Nw. Fla., Inc.*, 6:06-cv-1235-Orl-31KRS, 2008 WL 2413934 (M.D. Fla. June 11, 2008) (reducing attorney fees request for travel time).

Plaintiff has the right to choose his attorney, and he selected a good attorney with experience in cases of this nature. His attorney practices in southern Florida, however, which required him to travel extensively in the case. Indeed, Mr. Cornell's travel time accounts for approximately one-fifth of his total hours, time which cannot be reasonably passed on to Defendant, since there are certainly many local attorneys who are qualified to handle a case of this nature and who would not have been required to travel extensively. The ADA cases cited above in which travel time was deducted are analogous as far as volume of cases filed and requisite skill required. For example, over five

---

[3] Mr. Cornell is located in Weston, Florida, approximately 252 miles from the Tampa courthouse-- approximately a 3.5 hour trip. (Dkt. 59 at 11, n.8.) Defendant calculates that Mr. Cornell spent thirty-eight recorded hours on travel. (Dkt. 59 at 11 n.8, 12, n.9,10.)

hundred FLSA cases have been filed in the Tampa Division since Plaintiff's Complaint was filed (March 28, 2012). Therefore, thirty-eight hours of travel time will be deducted.[4]

### iii.     *The Lodestar Amount*

The lodestar amount is calculated by multiplying the reasonable hourly rate and the reasonable number of hours expended:[5]

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ware Cornell | $300 | 135.05 | $40,515 |
| Micah Longo | $125 | 17.5 | $2,187.50 |
| Elizabeth Goueti | $125 | 7.2 | $900 |
| | | **TOTAL:** | **$43,602.50** |

### iv.     *Lodestar Reduction*

"After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996)(citing *Norman*, 836 F.2d at 1303). Defendant contends that the lodestar amount should be reduced to reflect Plaintiff's limited success.

In his amended response to Defendant's interrogatories, Plaintiff estimated that his total damages were $236,952.87 (Dkt. 59-2.) However, Plaintiff prevailed only on his claim for unpaid after-hours care of Darla, and only recovered $1,075.44, approximately 1.8% of the $61,030.13 he asserted was owed on this claim. (Dkts. 59-2; 62).

Because specific hours spent on Plaintiff's unsuccessful claims cannot be identified, the fee

---

[4] The Court agrees with, and therefore adopts, Defendant's calculation of travel time. (See Dkt. 59 at 11-12.) Mr. Cornell made four trips to Brooksville for depositions and recorded six hours for at least one of them (December 19, 2012); thus, he spent twenty-four hours for this travel. He made a round trip from Weston to Tampa for mediation on February 7, 2013, a trip from Tampa to Weston on July 7, 2013 for trial, and from Tampa to Weston on July 10, 2013 for trial; thus, he spent fourteen hours for this travel.

[5] Defendant does not object to any of the hours expended by Mr. Longo or Ms. Goueti.

award will be reduced by a percentage that accounts for Plaintiff's limited recovery. After careful

consideration, a reduction of seventy-five percent is appropriate, consistent with the compelling

argument Defendant makes (Dkt. 59 at 12-14). Plaintiff will therefore be awarded $10,900.50 in

attorneys' fees.

**TAXABLE COSTS**

Plaintiff seeks reimbursement for $1,034.06 in taxable costs. (Dkt. 56.) Federal Rule of

Civil Procedure 54(d)(1) permits the prevailing party to recover costs falling within the enumerated

categories of 28 U.S.C. § 1920. In the exercise of sound discretion, the Court is accorded great

latitude in ascertaining taxable costs. *See E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir.

2000). Pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*i.*     ***Fees for Service of Summons and Subpoenas***

Defendant objects to the $200.00 service fee for "Service of Process and Mileage reimb for

Georgia Davis" because it does not describe the basis of this cost with sufficient specificity.[6] Costs

---

[6] Defendant also objects to this fee to the extent that any portion of it was used to obtain Mr. Snodgrass' testimony at trial as it is a cost associated with a claim on which Plaintiff did not prevail. (Dkt. 58 at 2.)

for private service of summons and subpoenas may be taxed pursuant to section 1920(1). *W & O, Inc.*, 213 F.3d at 624. However, such costs may only be taxed to the extent they "do not exceed the statutory fees authorized in section 1921," which is $55 per hour for each item served plus travel costs and out-of-pocket expenses. *Id.*; 28 C.F.R. § 0.114(a)(3). Although the Marshal's fee includes mileage, Plaintiff's documentation in support of the $200 is inadequate to determine how much mileage was a factor in the service charges that exceed $55. Accordingly, Plaintiff may recover no more than $55 for the service of process fee for Georgia Davis. Likewise, the additional $75 included in Fees for service of summons and subpoena does not document the server's costs or expenses (Dkt. 56 at 3); thus, Plaintiff is entitled only to the fee of $55. Plaintiff's request for costs based on the service of subpoenas will be reduced to $110.

### ii.    *Fees for Witnesses*

Defendant objects to the $131.76 witness fee for Orval Snodgrass because Mr. Snodgrass' testimony at trial was limited to addressing a claim on which Plaintiff did not prevail, the off-duty training claim. Taxation of witness fees is proper pursuant to § 1920(3). However, the amount is limited by 28 U.S.C. § 1821(b), which provides that a witness shall be paid an attendance fee of $40.00 per day for each day's attendance.[7]   With respect to Defendant's argument, the Eleventh Circuit has explained:

> "[t]o be a prevailing party [a] party need not prevail on all issues to justify a full award of costs . . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims . . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced."

*Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (quoting *Head v. Medford*,

---

[7] A witness is also entitled to the actual expenses of travel by common carrier at the most economical rate reasonably available. 28 U.S.C. § 1821(c)(1).

62 F.3d 351, 354 (11th Cir.1995)).  As such, Defendant will be taxed the cost for this witness fee, but only to the extent permitted by 28 U.S.C. § 1821(b): $40 for one day of testimony (*see* Dkt. 43).[8]

### *iii.*    *Other Costs*

As to the remaining costs, $350 for Fees of the Clerk and $277.30 for Fees for printed or electronically recorded transcripts necessarily obtained for use in the case, Defendant has no objection, and they will be taxed.

Accordingly,

1.      Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Dkt. 57) is **GRANTED** to the extent Plaintiff is awarded $10,900.50 in attorneys' fees.  The Clerk is directed to enter judgment awarding Plaintiff William C. Martinez attorneys' fees as set forth above.

2.      The Clerk is directed to tax costs in the amount of $777.30.

**DONE AND ORDERED** this 13th day of November, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[8] Plaintiff has not provided specific information regarding whether the requested amount included travel.

11